ALEXANDER KRAUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3611. Promulgated December 15, 1926.

Amount of traveling expenses deductible under section 214(a)(1) of the Revenue Act of 1921 determined.

*Alexander Krauss* pro se.
*A. H. Murray, Esq.,* for the respondent.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $135.32. The deficiency arises from the Commissioner's refusal to allow a deduction of $3,338.23, alleged traveling expenses.

### FINDINGS OF FACT.

The petitioner is a resident of New York City. During the year 1923 he was employed as a traveling salesman by G. & H. Fuld and Gardner and Moll, carrying laces, embroideries and ribbons.

The petitioner worked on a commission basis, paying his own expenses with the exception of a contribution by his employers of $10 per week. The sum contributed by his employers toward traveling expenses was included in the petitioner's return as income.

His traveling expenses included railroad and Pullman fares, hotel bills, charges for sample carriers, baggage transfers, excess baggage, automobile hire, telegraph and telephone, sample rooms, and entertainment of customers.

Starting in each instance at New York, the petitioner made about 12 or 14 business trips during the taxable year. He visited numerous Virginia, West Virginia, Maryland, and Delaware points, spending approximately 38 weeks on the road. In the course of these travels he made 3 direct trips from New York to Charlottesville, Va. The railroad and Pullman fares between the cities named were $12.19 and $3.75, respectively.

Records of the petitioner's traveling expenses, itemized in detail, were lost or destroyed after the filing of his 1923 tax return.

### OPINION.

MURDOCK: The petitioner undoubtedly had traveling expenses during the year 1923, and we are convinced that most of them would be proper deductions. But in only one instance has he given satisfactory evidence of an amount of money spent and of the purpose for which it was spent, and in that instance only can we decide that the determination of the Commissioner was incorrect. The petitioner is

entitled to deduct $47.82 for railroad and Pullman fare for 3 trips from New York to Charlottesville, Va. Otherwise the determination of the Commissioner is approved.

> *Judgment will be entered after 15 days' notice, under Rule 50.*